THOMAS K. MYERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 2234-85.
United States Tax Court
T.C. Memo 1988-160; 1988 Tax Ct. Memo LEXIS 184; 55 T.C.M. (CCH) 617; T.C.M. (RIA) 88160; April 18, 1988; As amended April 18, 1988 Thomas K. Myers, pro se. Michael A. Urban, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioner's 1982 Federal income tax in the amount of $ 5,213, together with additions to tax under sections 6653(a)(1) [1] and section 6653(a)(2) in the respective amounts of $ 260.65, and 50 percent of the interest due on the underpayment. After concessions, the sole issue remaining is whether petitioner is liable for the additions to tax for negligence under section 6653(a)(1) and (a)(2). Some of the facts have been stipulated and are so found. The stipulation of facts and related exhibits are incorporated herein by reference. Petitioner resided in Paige, Texas, at the time of the filing the petition herein. During the taxable year 1982, he was employed as a computer programmer by Core Laboratories, Inc. and by Texas Instruments, *186 Inc. He received wages from such employment totalling $ 22,053, which were reported on his tax return. However, he deducted as an adjustment to income the same amount (i.e., $ 22,053), with a typed notation "Less Wages-Note Income 26 USC 3401(a), (c) See Attachments." Other than the wages reported and subsequently deducted by petitioner, the only income items reported were $ 100 in interest income and $ 1,758 of capital gain. Petitioner deducted 90 percent of those items or $ 1,672 ($ 100 + $ 1,758 = $ 1,858 x 90% = $ 1,672), with the notation "Less 90% (cash value of FRNs [2] = ) 26 USC [sic] sections (a), (c)." Thus, he reported $ 186 ($ 1,858 = $ 1,672) as his adjusted gross income for 1982. As a result of the aforementioned, petitioner reported no tax liability, claiming entitlement to a refund of $ 3,238 [3] for withholdings from wages. He attached various documents to his 1982 return in which he made assorted protestor-type arguments with regard to the reporting and payment of *187 Federal income taxes, the definition of taxable income, and other matters. Prior to 1982, petitioner filed appropriate tax returns. However, in those returns, he did not make any of the arguments set forth in his 1982 return. Subsequent to respondent's issuance of the notice of deficiency for 1982, petitioner conceded that his wages were taxable and he admitted error in claiming the aforementioned adjustments. As a result of various concessions, the parties now agree that petitioner's 1982 tax liability is $ 2,863. Respondent determined that petitioner is liable for the additions to tax for negligence; petitioner disagrees. Petitioner argues that since the amount of taxes withheld from his wages ($ 3,327) exceeded his now agreed-upon tax liability ($ 2,863), there was no "underpayment" of his 1982 taxes and therefore the negligence addition should not be imposed. OPINION In this case, both parties agree that a tax deficiency for 1982 exists in the amount of $ 2,863. Petitioner contends that because he is entitled to a tax refund (because the amount of taxes withheld exceeds the agreed-upon tax liability), the imposition of the additions to tax under section 6653(a) *188 should not apply. He also argues that we should disregard the return he filed and find that his actions were not negligent or in intentional disregard of rules and regulations. Sections 6653(a)(1) and (a)(2) provide as follows: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intend to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the *189 last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). Petitioner first contends that there is no "underpayment" of tax. An "underpayment" is defined in section 6653(c)(1) which generally adopts the definition of a "deficiency" as set forth in section 6211. Section 6211 defines a "deficiency" as the difference between the correct amount of the taxpayer's tax liability and the amount shown on the return, both of which are determined without regard to the credit provided under section 31 for taxes withheld from wages. [4] Taxes withheld from wages do not reduce a deficiency. Section 6211(b)(1). As such, they do not reduce an "underpayment" for purposes of section 6653(a). Respondent initially determined a deficiency *190 in the amount of $ 5,213; the parties now agree that the amount of petitioner's 1982 tax liability is $ 2,863. Petitioner reported no tax liability for 1982; therefore, there is nothing by which the amount of the underpayment can be reduced. As a result, the amount of petitioner's 1982 tax underpayment is $ 2,863. Having determined that an underpayment of $ 2,863 exists, we now turn to the question of whether such underpayment was due in whole or part to negligence or intentional disregard of rules and regulations. Respondent's determination that petitioner is liable for additions to tax under section 6653(a) is presumed correct and petitioner bears the burden of proving that the determination is erroneous. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972); Rule 142(a). Based upon the record in this case as a whole, we find that petitioner acted negligently and in intentional disregard of rules and regulations with respect to his 1982 tax liability. We cannot ignore, as petitioner requests, the return filed by him, and the arguments set forth therein. On his 1982 return, petitioner reported all of his items of income with Federal Reserve Note designations. *191 He discounted the amounts reported based on his argument that the fair market value of such notes was only 10 cents on the dollar. He attached documents to his return promoting the argument that wages are not income; he deducted such wages on his return as an adjustment to gross income. We have consistently rejected these arguments, as well as petitioner's other contentions. See, e.g., Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner,80 T.C. 1111 (1983). [5]
Petitioner was aware of his responsibilities but chose to disregard them by following the tempestuous path of a tax protestor. Even if he felt in good faith that the positions he proposed were correct, which we do not believe, good faith alone will not relieve him of the liability for the additions imposed by *192 section 6653(a). See United States v. Malinowski,472 F.2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973). Petitioner must bear the burdens and consequences of his actions. We therefore sustain respondent's determination of the additions to tax under section 6653(a)(1) and (a)(2) based upon the redetermined deficiency. To reflect the foregoing, and the concessions made by both parties, [6]
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. FRNs is petitioner's abbreviation for Federal Reserve Notes. ↩
3. The amount of tax actually withheld from petitioner's wages was $ 3,327, rather than $ 3,238. ↩
4. See Kurtzon v. Commissioner,17 T.C. 1542, 1548↩ (1952), wherein this Court stated the definition of a deficiency in mathematical terms, as follows: Deficiency = correct tax - tax on return - prior assessments + rebates. In this case, there are not adjustments for prior assessments or rebates. 5. With respect to petitioner's Federal Reserve Note argument, see Gajewski v. Commissioner,67 T.C. 181 (1976), affd. 578 F.2d 1383 (8th Cir. 1978); see also Perkins v. Commissioner,T.C. Memo. 1977-80↩, affd. in an unreported order (9th Cir., June 1, 1978). 6. In his amended petition, petitioner sought the award of litigation costs and fees with respect to this case. Petitioner's claim is not in compliance with Rule 231. In any event, since petitioner has not substantially prevailed in this action as required by section 7430(a), his request is denied. ↩